**Not For Publication**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>JOSEPH ARTHUR LESLIE<br><br>Debtor | Chapter 7<br><br>Case No. 05-24110 |

| | |
|---|---|
| JOSEPH ARTHUR LESLIE )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GMAC MORTGAGE CORPORATION )<br>)<br>Defendant )<br>) | Adversary Proceeding<br><br>No. 06-2015 |

APPEARANCES:

Joseph Arthur Leslie
9 Cherrywood Drive, Ellington, CT 06029
Pro Se Debtor-Plaintiff

Reid S. Manley, Esq., Michael Enright, Esq. and Jason M. Kuselias, Esq.
Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103-3597
Counsel for Defendant

## PARTIAL RULING AND PROPOSED CONCLUSIONS OF LAW ON

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KRECHEVSKY, U.S.B.J.

I.

Joseph Arthur Leslie ("the debtor"), debtor in the captioned Chapter 7 bankruptcy case, on February 2, 2006, filed a twenty-two page, pro se complaint against GMAC Mortgage Corporation ("GMAC") seeking declaratory and injunctive

relief and money damages in connection with a June, 2001 mortgage loan from GMAC to the debtor. GMAC, on October 30 2006, filed a Motion for Summary Judgment, to which the debtor has objected. The parties have complied with the requirements of D.Conn. L.Civ.R. 56(a), made applicable to bankruptcy proceedings by D.Conn. D.CONN. LBR 1001-1(b), and the matter is ripe for adjudication.[1]

II.

BACKGROUND

The debtor, pro se, on October 12, 2005, filed a Chapter 7 bankruptcy petition. The debtor scheduled his residence ("the property")[2], which he values at $270,000, as an asset, encumbered by a first mortgage with an outstanding balance of $185,000 to Countrywide Home Loans, Inc. and a second mortgage with a balance of $45,226 to GMAC.[3] The debtor asserted a homestead exemption in the property of $75,000. The present proceeding concerns the relationship between the debtor and GMAC in

---

[1] The debtor and GMAC, on April 3, 2006, filed a "Report of Parties' Planning Meeting," pursuant to Fed. R. Civ. P. 26(f), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7026, in which, inter alia, they reported as follows: "It is agreed that the above captioned adversary proceeding is a core proceeding in some regards and is a proceeding related to a case under Title 11 as to which the parties have not consented to the entry of appropriate orders and judgments by a bankruptcy judge in other regards. See 28 U.S.C. §157(c)(1)." In light of this stipulation, with which the court agrees (the First Claim for Relief is a core proceeding and the balance of claims are non-core proceedings), the court's ruling on the motion for summary judgment will be treated as proposed conclusions of law as to the Second through Sixth Claims for Relief. See Fed. R. Bankr. P. 9033; Century Brass Products, Inc. v. Millard Metals Svc. Center, Inc. (In re Century Brass Products, Inc.), 58 B.R. 838 (Bankr. D.Conn. 1986) (holding debtor's prepetition claims on its accounts receivable to be non-core).

[2] The debtor's schedules indicate he holds a one-half interest in the property, owned jointly with his non-debtor wife.

[3] The debtor listed the second mortgagee as "Ditech.com"; GMAC

2

connection with the second mortgage, executed on June 12, 2001.

The complaint[4] sets forth six claims for relief, alleging that:

I     GMAC violated the automatic stay of Bankruptcy Code §362[5];

II.    the mortgage note is actually owned by an unidentified investor and that GMAC is engaging in the unauthorized practice of law by acting on behalf of such entity;

III.   GMAC violated the disclosure notice requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.;

IV.   GMAC violated Connecticut lender licensing requirements;

V.    GMAC violated various provisions of the Truth in Lending Act, 15 U.S.C. §1601 et seq.;

VI.   GMAC, in committing the alleged violations, violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a et seq.

GMAC has filed an answer containing thirty-four affirmative defenses, and a counterclaim to the complaint asserting that the note is in default and seeking damages therefor only to the extent of a set-off or recoupment against any damages awarded to the debtor.

---

[4] The complaint has been dismissed as to other defendants named in the complaint.

[5] All references to sections and subsections of the Bankruptcy Code refer to such provisions as were in effect on the petition date.

3

III.

DISCUSSION

A.  Summary Judgment Standards

Fed.R.Civ.P. 56(c), made applicable in bankruptcy proceedings by Fed. R. Bankr.P. 7056, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." "The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). In reviewing a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir.2003).

"In considering a motion for summary judgment, the court does not decide questions of fact, but determines only whether, after resolving any ambiguities and drawing all reasonable inferences in favor of the nonmovant, a genuine issue exists for trial." Cadle Co. v. DiFabio (In re DiFabio), 314 B.R. 281, 285 (Bankr. D.Conn. 2004).

B.  First Claim for Relief - Violation of the Automatic Stay

The debtor, in his First Claim for Relief, alleges that GMAC "violated the automatic stay in violation of 11 U.S.C. §362(a) by attempting [to] collect an alleged debt and to seize Debtor's property through collection activities and attempts [at] foreclosure of a mortgage during said stay." (Complaint ¶33.) Upon filing of a petition

4

seeking relief under the Bankruptcy Code, §362(a) provides for an automatic stay of, inter alia,:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> . . .
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> . . .
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . . .

Section 362(h) further provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

The debtor contends that GMAC is liable for damages sustained by him under §362(h) as a result of two postpetition incidents: (1) that GMAC, on or about October 12, 2005 sent a collection letter ("the October notice") to the debtor and (2) GMAC's filing, in the bankruptcy court, a motion for relief from stay in order to bring a mortgage foreclosure proceeding in state court.

The Second Circuit has held that "any deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages." In re Crysen / Montenay Energy Co., 902 F.2d 1098, 1105 (2d Cir. 1990). GMAC acknowledges that it sent the October notice on or about October 12, 2005, but avers that it had, at that time, no knowledge of the debtor's bankruptcy filing. GMAC's assertion of such lack of knowledge is supported by (1) the affidavit of Thomas Moan ("the affidavit"), the GMAC employee who has custody and control of the business

5

records concerning the debtor's loan, and (2) by the court's docket, of which the court takes judicial notice, indicating that the clerk's office sent notice of the debtor's bankruptcy filing to creditors on October 20, 2005. The debtor does not allege, nor has he produced any evidence from which the court could infer, that GMAC had any knowledge of the debtor's bankruptcy case when GMAC sent the October notice. The court concludes that GMAC's sending the October notice was not a willful violation of the stay.

GMAC's motion for relief from the automatic stay, filed in the bankruptcy court having jurisdiction over the debtor's case cannot be a violation of that stay. See In re Sammon, 253 B.R. 672, 681 (Bankr. D.S.C. 2000) ("[T]he automatic stay serves to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, not legal actions taken within the bankruptcy court."). Section 362 provides not only for imposition of the stay, but also provides, in §362(d) that "On request of a party in interest ... the court shall grant relief from the stay provided under subsection (a) of this section ...."

The court concludes that there is no genuine issue of material fact regarding the debtor's claim against GMAC for willful violation of the automatic stay, and that GMAC is entitled to judgment as a matter of law as to the First Claim for Relief.

### C.   Second Claim for Relief - Unauthorized Practice of Law

The debtor asserts, in this claim, that GMAC is not the party entitled to bring an action on the note, and that GMAC is thus engaging in the unauthorized practice of law by representing the true party in interest. The holder of a mortgage note, under Connecticut law, is entitled to enforce the note. Conn. Gen. Stat. §42a-3-301. Because

6

"the mortgage follows the note," the holder of the note is also the party entitled to enforce the mortgage securing the note and thus has standing to bring a foreclosure action. See, e.g., Bankers Trust Co. of California, N.A. v. Vaneck, 96 Conn.App. 390, 391 (2006) ("only the rightful owner of the note has the right to enforce the mortgage").

Conn. Gen. Stat. §42a-1-201(21)(A) defines "holder" to include "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." The debtor asserts that GMAC is not the holder of the note because it has not, in discovery, produced the original note. Because, by definition, GMAC must retain possession of the original note in order to remain the holder, it has filed with its motion for summary judgment a certified copy of the note and an affidavit attesting to GMAC's possession of the original. The affidavit of Thomas Moan ("the affidavit"), the GMAC employee who has custody and control of the business records concerning the debtor's loan, states:

> A true and correct copy of the Note is attached hereto as Exhibit A.
> ...
> GMAC remains the owner, holder, and servicer of the Note and is entitled to enforce all rights and remedies thereunder.

(Aff. ¶¶ 3, 7.)

> The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.... [T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment.

Anderson, 477 U.S. at 256-257. The debtor has not produced affirmative evidence to refute GMAC's possession of the original note.

The terms of the note provide:

> The Lender is GMAC Mortgage Corporation DBA ditech.com. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

(Note ¶1.) The debtor argues that, despite the language in the note bearing the debtor's signature, that GMAC, doing business as ditech.com, was the lender and holder of the note, the funding for the loan was supplied by other investors. In support of his position the debtor has produced a copy of a document entitled "Processor Cover Sheet," indicating DiTech Funding Corporation as "investor." Whether funds have been provided by various investors is not material to the question of whether GMAC is the holder of the note entitled to enforce it. See Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

The court concludes that there is no genuine issue of material fact as to the allegations that GMAC is not the holder of the note entitled to enforce it. Accordingly, GMAC is entitled to judgment in its favor as a matter of law under the Second Claim for Relief.

### D.    Third Claim for Relief - FDCPA Violations

The Third Claim for Relief alleges that GMAC, in its actions and notices concerning the debtor's prepetition mortgage default, violated the provisions of the FDCPA.

> Because standing is jurisdictional under Article III of the United States Constitution, see Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471-76, 102 S.Ct.

752, 757-61, 70 L.Ed.2d 700 (1982), it is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court.

Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117 (2d Cir. 1991).

Bankruptcy Code §541(a) states that the filing of a petition creates a bankruptcy estate, which includes "all legal and equitable interests of the debtor in property as of the commencement of the case." "Any cause of action that a debtor possesses at the time [he] files for bankruptcy is included in the bankruptcy estate. A cause of action is an asset of the bankruptcy estate regardless of whether the [debtor] schedules it on the bankruptcy petition." Tilley v. Anixter Inc., 332 B.R. 501, 507 (D.Conn. 2005) (citations omitted). The debtor, in his petition, has neither scheduled as an asset nor claimed an exemption in any claim against GMAC. Because the debtor's schedules indicate the bankruptcy estate is not solvent, only the trustee of his bankruptcy estate presently has standing to assert the debtor's claims against GMAC. Unless and until the trustee abandons such claims to the debtor in accordance with Bankruptcy Code §554, the debtor lacks standing to assert any claim against GMAC which arose prior to the petition date.

### E.    Fourth Claim for Relief - Unlicensed Lending

The debtor does not allege that GMAC is not a licensed secondary mortgage lender in Connecticut. Rather, the gist of the debtor's allegations is that GMAC enabled another unlicensed entity to fund his loan. Conn. Gen. Stat. §36a-510 et seq. requires licensing of a secondary mortgage lender, defined as a person in the business of making secondary mortgage loans in its own name, funded by its own funds, or by

9

funding such loans through a table funding agreement.[6] Conn. Gen. Stat. §36a-10. The debtor's allegations, that another entity provided GMAC, a licensed secondary mortgage lender and holder of the note, with funding for the mortgage loan, fail to state a claim for which relief may be granted.

### F. Fifth Claim for Relief - TILA Violations

The TILA requires that certain disclosures be given to a prospective borrower at the time the loan is originated. It is undisputed that the loan at issue in this proceeding was executed on June 12, 2001. Thus the numerous claims for violations of the TILA by GMAC arose prepetition and are property of the estate. In accordance with the preceding discussion, <u>supra</u> Part III.D, the debtor lacks standing to assert such claims.

The court concludes that GMAC is entitled to summary judgment on the Fifth Claim for Relief of the complaint.

### G. Sixth Claim for Relief - CUTPA Violations

In accordance with the preceding discussion, <u>supra</u> Part III.D, the court concludes that the debtor lacks the standing necessary to pursue a claim for violations of the CUTPA alleged to have occurred due to GMAC's "predatory lending and deceptive mortgage servicing" practices.[7] (Complaint ¶64.)

---

[6] Conn. Gen. Stat. §36a-485(11) defines a "table funding agreement" as "an agreement wherein a person agrees to fund mortgage loans to be made in another person's name and to purchase such loans after they are made."

[7] To cover the possibility that the debtor intended any of his allegations involved in the Third, Fourth, and Sixth Claims for Relief to cover postpetition actions of GMAC, such claims may nevertheless be property of the bankruptcy estate pursuant to §541(a)(7), which includes in the estate "[a]ny interest in property that the estate acquires after the commencement of the case," if the action that accrues

### H. GMAC's Counterclaim

Because GMAC's counterclaim "in no way seeks an affirmative recovery against the Plaintiff ... [and] is filed strictly for the purpose of abating or reducing Plaintiff's claims against [GMAC]," the court concludes that it be dismissed as moot. (Answer & Countercl. at 19, ¶8.)

### IV.

### CONCLUSION

In accordance with the forgoing discussion, the court concludes that there is no genuine issue of material fact, that GMAC is entitled to judgment as a matter of law on all six Claims for Relief contained in the complaint, and that GMAC's counterclaim against the debtor be dismissed. The court hereby grants GMAC's motion for summary judgment as to the First Claim for Relief and submits proposed conclusions of law to the District Court on the remaining Claims for Relief.

Dated at Hartford, Connecticut this 5 day of January, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

---

post-petition is "sufficiently rooted in the pre-bankruptcy past." See Charts v. Nationwide Mut. Ins. Co., 300 B.R. 552, 558 (D.Conn. 2003) (quoting Segal v. Rochelle, 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)). The District Court for this district has directly held that only the trustee has standing to assert a claim that a notice sent prior to the close of the debtor's bankruptcy case violated the FDCPA or the CUTPA, regardless of whether such notice was sent prepetition or postpetition. Correll v. Equifax Services, Inc., 234 B.R. 8 (D.Conn. 1997).

11